UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NICK MOTTERN,

    Plaintiff,

vs.

PEEKSKILL HOUSING AUTHORITY,

    Defendant.
-----------------------------------------------------------X

COMPLAINT

07 CIV. 6132



By and through his counsel, Michael H. Sussman, plaintiffs complains of defendant as follows:

**PARTIES**

1. Plaintiff Nick Mottern is a United States citizen of legal age who resides in the County of Westchester, within this judicial district.

2. Defendant Peekskill Housing Authority is a municipal corporation which does business in this judicial district and is subject to the open meetings laws of the State of New York.

**JURISDICTION**

3. As plaintiff alleges that defendant has violated his rights as guaranteed by the First Amendment to the United States Constitution, this court has jurisdiction over this cause pursuant to 28 U.S.C. secs. 1331, 1343 (3) & 4) and 42 U.S.C. secs. 1983 and 1988.

**FACTUAL AVERMENTS**

4. Following defendant's stated policy, on June 27, 2007, plaintiff advised defendant in writing that he wished to speak at the defendant's public meeting on July 5, 2007.

5. In a written response dated the same day, defendant's Acting Chairman, Leesther Brown, denied plaintiff the right to address defendant Housing Authority.

6. With this denial, defendant sent plaintiff an excerpt from its policy which suggested that it regarded plaintiff's proposed speech act as threatening the Authority.

suggested that it regarded plaintiff's proposed speech act as threatening the Authority.

7. Such response was baseless and an unconstitutional prior restraint against plaintiff's speech.

8. Defendant does permit individuals to address it during public meetings.

9. Defendant refused to allow plaintiff to address it because he made clear that he wished to speak about two controversial matters, the defendant's recent illegal hiring of an attorney to investigate the Executive Director, and a proposed development.

10. By dint of the Authority's violation of his constitutional right to free speech, plaintiff has been irreparably harmed.

11. By dint of the defendant's violation of his constitutional right to free speech, plaintiff has been inhibited in communicating his ideas on matters of public importance to both the members of the defendant Board and the citizens of Peekskill.

**CAUSE OF ACTION**

12. By intentionally and maliciously denying plaintiff the right to address its members at a public meeting about matters of public concern, defendant has violated the First Amendment as made actionable against it by and through 42 U.S.C. sec. 1983.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) take jurisdiction of the matter;

b) issue a TRO and a preliminary injunction requiring defendant to permit plaintiff to address it on July 5, 2007;

c) order the defendant to cease forthwith to engage in any prior restraint based upon the subjects it permits members of the public to address so long as those matters are within the authority of, or related to, the affairs of the Authority;

d) enter a permanent injunction requiring defendant to desist from any act of viewpoint censorship;

e) enter any other order in the interests of justice and equity and

f) order defendant to pay plaintiff the attorneys' fees and costs incurred in bringing and prosecuting this matter pursuant to 42 U.S.C. sec. 1988.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for plaintiff